UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-14075-CR-GRAHAM(MARTINEZ)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN GERALDO ARREDONDO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about March 3, 2009, court-appointed defense counsel Allen S. Kaufman ("Counsel") submitted a voucher application numbered FLS 05 1680 with appended time sheets requesting $16,704.06 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of the voucher application, Counsel submitted time sheets listing the time he spent in this matter and a brief letter dated March 3, 2009 in support of his request for attorneys' fees ("March 3, 2009 letter"). Counsel represented Defendant Juan Geraldo Arredondo ("Defendant") for approximately five (5) months from his appointment on October 12, 2005 until February 6, 2006.[1]

The $16,704.06 Counsel seeks as compensation exceeds the $7,000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 150]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also*

---

[1] In the March 3, 2009 letter, Counsel explains that he failed to timely submit the voucher to the Court for payment "through inadvertence".

United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA.  See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991).  In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided."  See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *United States v. Griggs,* 240 F.3d 974 (11th Cir. 2001).  In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation.  18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  See Section §2.22B(3) of the Guidelines.

A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

Again, Counsel's request for compensation in the amount of $16,704.06 exceeds the $7,000.00 statutory maximum.[2] Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, the Court must first find that the representation was either complex or extended.

In the March 3, 2009 letter, Counsel urges the Court to find that this matter involved "extended and complex litigation" because Defendant "continually professed his innocence, thus requiring a significant amount of time extended in pretrial preparation and conference with the defendant, with the prosecutor." [March 3, 2009 letter at 1]. Counsel also writes that there was "extensive discovery" in this case. [March 3, 2009 letter at 1]. Further, Counsel maintains that this case involved "extended and complex representation" because

---

[2] Counsel seeks $2,109.40 for 23.4 in-court hours (21.7 hours at $90/hour and 1.7 hours at $92/hour). Counsel also seeks $13,832.20 for 153 out-of-court hours (121.9 hours at $90/ hour and 31.1 hours at $92/hour) and $762.46 in travel expenses. The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. The Court defers to the CJA administrator to verify all in-court time and expense allowances.

After verifying the in-court hours with the Court's minutes, the CJA administrator made no changes to the total amount claimed by Counsel for in-court hours. The CJA administrator also reviewed the $13,832.20 Counsel billed for 153 out-of-court hours. The CJA administrator made no changes to this amount. The CJA administrator did reduce the $762.46 Counsel sought in travel expenses to $754.72, correcting a mathematical error made by Counsel with respect to the compensation rate for mileage in 2006. I approve the CJA administrator's correction as appropriate and reasonable.

a co-defendant became a cooperating government witness and thus "a significant amount of time was necessarily expended in preparing to confront his testimony with impeachment materials and prior inconsistent statement." [March 3, 2009 letter at 1].

Based upon my review of the record, the Court respectfully disagrees. This was not a complex case. The legal and factual issues in this case were not unusual. The Indictment **[DE # 12]** in this matter only contained five counts and Defendant was only named in two of the five counts. Although Counsel did file both a motion to suppress and objections to Magistrate Judge Lynch's order recommending that the district court deny the motion to suppress, I do not find that the filing of these two pleadings rendered this case more complex than the average case.

I have also considered that Defendant elected not to plead guilty and instead proceeded to trial. I have also considered that in addition to the trial, Counsel made four other court appearances in this case.[3] Again, however, I do not find that these court appearances, including the three day trial, required of Counsel more time for total processing than the average case.

In Counsel's March 3, 2009 letter, Counsel also claims that this case involved complex representation because this case involved a significant amount of travel. Counsel explains that "because the trial in this matter was held in Ft. Pierce, a large amount of time was necessarily and unavoidably expended in traveling to and from the courthouse or jail regarding trial preparation and meetings with defendant . . . attending hearings, trial and other

---

[3] According to the time records submitted by Counsel, Counsel appeared in Court for a pretrial detention/ arraignment on October 14, 2005, calendar call on October 21, 2005, motion to suppress hearing on October 28, 2005 and sentencing on February 6, 2006.

court proceedings." [March 3, 2009 letter at 2]. Counsel suggests that the large amount of time Counsel spent traveling for this case (Defendant was incarcerated in Palm Beach County, Counsel's office is in Broward County and the trial took place in Ft. Pierce) made this case more complex than usual.

While the Court is sympathetic to the fact that Counsel incurred a great deal of time traveling, there is no legal authority to justify classifying this case as complex or extended due to the additional travel time Counsel incurred. See *United States v. Schofield*, 2009 WL 453295, at * 1 (S.D. Fla. Feb. 23, 2009) (Martinez, J.) (rejecting CJA counsel's argument that case was "extended" under CJA because Counsel incurred 19 hours of travel time); see also *United States v. Sepulveda*, 502 F.Supp. 2d 1104 1108 (D. Montana 2007) (concluding that "[o]rdinary travel does not make a case extended" under the CJA because "travel time was factored in when Congress established the statutory maximum of $7,000.00.") Having considered all of these facts, I conclude that this matter did not require the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. Accordingly, I find that this case cannot be considered complex.

The second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also not present here. Although Defendant was indicted on September 22, 2005, Counsel was not appointed until October 12, 2005. Trial in this matter was originally set for October 31, 2005, but Counsel sought a continuance of the trial date. The trial later began on December 7, 2005 and lasted for three days. Defendant was convicted at the end of the jury trial and he was sentenced on February 6, 2006. Counsel was only involved in this case for five months. This case did not require more time for processing than the average case and, as

a result, this case cannot properly be considered extended.

## CONCLUSION

I have reviewed all of the entries listed on the time sheets and the total time claimed by Counsel for each of the task categories. Based upon my review of the time sheets submitted by Counsel, the docket and filings in this case, I conclude that Counsel is entitled to the statutory maximum of $7,000.00 established under the CJA. As I explained above, however, because the representation in this case was neither complex nor extended, Counsel is not entitled to reimbursement in excess of the statutory maximum. Consequently, I will not undertake a detailed discussion and analysis of each task listed in Counsel's fee voucher at this time.

I commend Mr. Kaufman for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). Accordingly, I hereby **RECOMMEND** that Counsel be paid a total of $7,754.72 ($7,000.00 for both in-court and out-of-court hours and $754.72 for travel expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 29 day of May, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

United States District Court Judge Jose E. Martinez
Allen S. Kaufman, Esq.
Lucy Lara, CJA administrator